IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOOCHUKWU TOKX OKORIE, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 12-1230 (JBS/AMD) |
| v. | |
| SALEM COUNTY CORRECTIONAL FACILITY, et al. | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, Chief U.S. District Judge:

Plaintiff Okorie has two pending motions before this Court: a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a) [Docket Item 5] and a motion for leave to extend time for service of complaint and summons, under Rule 4(m) [Docket Item 7]. For the reasons set forth below, the Court will grant the motion to amend and grant the motion to extend time for service of complaint and summons in its discretion, granting a 60-day extension of time to serve process. The Court finds as follows:

1. Plaintiff Toochukwu Okorie was convicted of money laundering and currently is a federal prisoner at F.C.I. Fort Dix in Fort Dix, New Jersey. [Docket Item 2 at 4 n.2.] Plaintiff filed a civil complaint on February 29, 2012, against the Salem County Correctional Facility, Salem County and two correction officers, Diciaccio and Welch, alleging that he was assaulted by the officers and denied proper medical treatment while he was a pre-trial detainee. [Compl. ¶¶ 4, 12-16; Docket Item 2 at 4 n.2.]

In its Order dated March 29, 2012, this Court dismissed claims against the correctional facility, and construed Plaintiff's remaining claims against the officers as alleging due process violations under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). [Docket Item 2 at 2 n.1., 4 n.2.]

2. On March 20, 2012, the Court issued summonses for Defendants Diciaccio and Welch. [Docket Item 4.] However, on July 23, 2012, the summonses were returned unexecuted. [Docket Item 6.] The "Proof of Service" form completed by a U.S. Marshal explained that the summonses were not executed because "no response from plaintiff" and "no USM Form 285's submitted for service - summons expired for all named defendants." [Id.]

3. Plaintiff now requests leave to extend time for service of the complaint and summons. [Docket Item 7.] He asserts that did not learn that the summonses were returned unexecuted until August 7, 2012, after the 120-day time limit for service of process expired under Fed. R. Civ. P. 4(m). [Docket Item 7 ¶ 5, 8.] Plaintiff further alleges that the prison library did not possess copies of Form 285, thus showing "good cause" for his failure to attach the forms. [Id. ¶ 3, 6.] Presumably in response to the explanation noted on the "Proof of Service" form, Plaintiff adds that he was "able to locate copies [of the form] from another inmate who happens to possess one, in the absence of the court clerk sending such forms." [Id. ¶ 7.]

4. Rule 4(m) states that, if a defendant is not served within 120 days after the complaint is filed, courts "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, where the plaintiff shows good cause for failure to serve the defendant timely, the court must extend time for service. Cain v. Abraxas, 209 Fed. Appx. 94, 96 (3d Cir. 2006). If the Court does not find good cause, the Court may nonetheless grant a discretionary extension for time of service. Id.

5. The "primary focus" of the good cause analysis "is on the plaintiff's reasons for not complying with the time limit in the first place." MCI Telecomms. Corp. V. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). To show good cause, a plaintiff must show "'[1] good faith on the part of the party seeking an enlargement and [2] some reasonable basis for non-compliance within the time specified in the rules.'" Id. (quoting Petrucelli v. Bohringer, 46, F.3d 1298, 1312 (3d Cir. 1995)(Becker, J., concurring in part and dissenting in part)). A pro se plaintiff is "entitled to a certain degree of leniency so as to ensure that her case is decided on its merits rather than a procedural technically." See e.g., Pickney v. Sheraton Soc'y Hill, No. 93-5198, 1994 WL 37862, at *2 (E.D. Pa. July 15, 1994) (finding good cause for failure to comply with Rule 4(m)).

6. Here, Plaintiff does not explicitly base his argument on the fact that he was unaware that he needed to fill out copies of Form 285 but seems to argue that the lack of forms in the prison library should be sufficient to find good cause. [See Docket Item 7 ¶ 6 ("Plaintiff believes that the inavailiability [sic] of USM forms 285 in the prison of location, is good cause to extend time for service of summons and complaint.").] The Court notes that the letter sent to Plaintiff accompanying the summonses, written to Plaintiff by the Clerk of this Court and dated March 30, 2012, specifically explains that copies of Form 285 must be completed, and the letter indicates that forms were enclosed for him to complete.[1] [Docket Item 4-1.] Plaintiff does not describe any actions he took to obtain a copy of Form 285, other than check the prison library, nor did Plaintiff contact this Court for copies of the form, if indeed forms were not enclosed as promised with the summonses. On these facts, in light of the legal showing Plaintiff must make, the Court is unable to find good cause for failing to comply with the requirements of 4(m).

7. However, the Court nonetheless will extend time for Plaintiff to serve process effectively. Even after determining there is not good cause to grant a motion for leave to extend

---

[1] Plaintiff implies that no forms were enclosed with that letter. [Docket Item 7 ¶ 7 ("Plaintiff was able to locate copies from another inmate who happens to possess one, in the absence of the court clerk sending such forms.").]

time to serve process, a court may, in its discretion, decide whether to dismiss the case or to extend time for service. Petrucelli, 46 F.3d at 1305. Among the factors that the court may consider at this stage are the plaintiff's pro se status and whether the statute of limitations would bar the refiled action. Cain, 209 Fed. Appx. at 97. Here, Plaintiff is suing pro se and in forma pauperis. Relying on the U.S. Marshal, he was not alerted to a deficiency in his summonses until after the 120-day period had expired. Moreover, the statute of limitations arguably has run in this case. In a Bivens action, the statute of limitations is taken from the forum state's personal injury statute, which is two years in New Jersey. Hughes v. Knieblher, 341 Fed. Appx. 749, 752 (3d Cir. 2009). See also N.J. Stat. Ann. ¶ 2A:14-2. Plaintiff alleges that the assault occurred on September 5, 2010, more than two years ago. Dismissing Plaintiff's motion without prejudice likely would extinguish Plaintiff's claim. Instead, in light of the leniency afforded pro se plaintiffs proceeding in forma pauperis, the Court will extend to Plaintiff sixty (60) days from the date of this Order in which to serve Defendants Diciaccio and Welch. The Clerk of Court is requested to issue a second set of summonses and Form 285's to Mr. Okorie, and it is Mr. Okorie's duty to fill out those forms and return them immediately to the U.S. Marshal's Office so that the Marshal can make service within this new 60-day period.

8. Plaintiff also moves to amend his complaint under Fed. R. Civ. P. 15(a). Rule 15(a) permits a party to amend its pleading as a matter of course within 21 days of serving it. As explained above, there was no service in this case. Because the Court is extending Plaintiff's time to serve Defendants, Plaintiff is entitled to amend his complaint once, as a matter of course, within 21 days of serving process on Defendants. Plaintiff's motion is granted.

9. The accompanying Order will be entered.


**October 2, 2012**        **s/ Jerome B. Simandle**
Date                                JEROME B. SIMANDLE
                                    Chief U.S. District Judge